# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFAYETTE CADE,<br><br>          Plaintiff,<br><br>     v.<br><br>SUZAN HUBBARD, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:05-CV-00834-AWI-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 8) |

Plaintiff Lafayette Cade ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 26, 2005, plaintiff filed a motion seeking a preliminary injunction prohibiting defendants from employing adverse substances to debilitate plaintiff mentally and physically; interfering with plaintiff's ability to litigate and obtain adequate medical care; withholding or tampering with plaintiff's property; and inspecting, delaying, or tampering with plaintiff's inmate appeals and mail.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and

1  the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935,
2  937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of
3  irreparable injury." <u>Id</u>.  Also, an injunction should not issue if the plaintiff "shows no chance of
4  success on the merits." <u>Id</u>.  At a bare minimum, the plaintiff "must demonstrate a fair chance of
5  success of the merits, or questions serious enough to require litigation." <u>Id</u>.

6      A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction, as a
7  threshold and preliminary matter the court must have before it for consideration a "case" or
8  "controversy."  <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or
9  "controversy" before it, it has no power to hear the matter in question.  <u>Rivera v. Freeman</u>, 469 F.
10 2d 1159, 1162-63 (9th Cir. 1972).  At this juncture, plaintiff has not stated any cognizable claims
11 for relief in this action.  In a separate order issued concurrently with this Findings and
12 Recommendations, plaintiff's amended complaint was dismissed, with leave to amend, for failure
13 to state a claim upon which relief may be granted.  Thus, at this time, plaintiff is not entitled to any
14 type of preliminary injunction, as the court lacks jurisdiction to issue any such orders.

15     Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
16 preliminary injunctive relief, filed July 26, 2005, be DENIED, without prejudice.

17     These Findings and Recommendations will be submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
19 **days** after being served with these Findings and Recommendations, plaintiff may file written
20 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
21 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
22 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
23 1153 (9th Cir. 1991).

24 IT IS SO ORDERED.

25 **Dated:   January 17, 2006**            /s/ Lawrence J. O'Neill
   b9ed48                                        UNITED STATES MAGISTRATE JUDGE