# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFAYETTE CADE,          Plaintiff,    v.   SUZAN HUBBARD, et al.,          Defendants. | CASE NO. 1:CV-05-0834-AWI-LJO-P  ORDER DENYING MOTION TO BE RELIEVED FROM A FINAL JUDGMENT  (Document #26) |

Plaintiff is a state prisoner who filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his action in pro se and was granted permission to proceed in forma pauperis.

On January 17, 2006, the court dismissed Plaintiff's Amended Complaint for failure to state a claim, with leave to amend within thirty days. On February 27, 2006, the court gave Plaintiff additional time in which to file an amended complaint. When Plaintiff did not file an amended complaint within the time ordered, on April 6, 2006, the Magistrate Judge entered Findings and Recommendations that recommended this action be dismissed with prejudice for Plaintiff's failure to state a claim and comply with the court's orders.  The court did not recieve objections to the Findings and Recommendations. On May 30, 2006, the court adopted the Findings and Recommendations and dismissed this action with prejudice.

On June 2, 2006, Plaintiff filed a motion to be relieved from final judgment.   Plaintiff contends that he attempted to file objections to the Findings and Recommendations, but the United States Postal Service returned the objections for insufficient postage. On June 2, 2006, Plaintiff filed his objections.

1  The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d
2  1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992).
3  Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final
4  order or judgment based on specific grounds, such as: (1) mistake, inadvertence, surprise, or
5  excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied
6  or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. School
7  Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Ninth
8  Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the
9  preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338
10 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)).
11 Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

12 Plaintiff asks that the court to relieve him from final judgment because the court did not
13 consider Plaintiff's objections. Plaintiff provides evidence that the objections he mailed to the
14 court on approximately April 19, 2006, were returned to him for insufficient postage. While the
15 failure to provide sufficient postage most likely does not meet Rule 60(b)(6)'s residual clause,
16 given Plaintiff's incarcerated and pro se status, it may satisfy Rule 60(b)(1)'s allowance for relief
17 based on inadvertence or excusable neglect. However, while the court will consider Plaintiff's
18 late objections based on the evidence that there was inadvertently improper postage on the
19 envelope, the court will only reconsider its dismissal order and re-open this case if the court
20 would have declined to adopt the Findings and Recommendations had the court timely received
21 them.

22 Plaintiff's contention in his objections is that the court has no power to sua sponte
23 dismiss Plaintiff's complaint for failure to state a claim. Plaintiff contends that once a complaint
24 is filed and the filing fee paid, or in Plaintiff's case in forma pauperis status granted, the court
25 *must* serve the complaint and cannot dismiss the complaint absent a responsive pleading.
26 Plaintiff's position is directly contrary to 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915A,
27 the court is *required* to screen complaints brought by prisoners seeking relief against a
28 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court is *required* to dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). In addition, whether Plaintiff pays the filing fee or is granted in forma pauperis status, the court must dismiss a case brought by a prisoner  against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff cites no authority that these statute have been rescinded by Congress or invalidated by any court, and these statutes remain binding law on this court. Plaintiff's contention that this court could not order his complaint dismissed with leave to amend prior to service is simply incorrect.   As such, Plaintiff has shown no reason why had the court timely received and reviewed his objections, the court would not have adopted the Findings and Recommendations.   Thus, Plaintiff is not entitled to relief from this court's final order dismissing this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to be relieved from final judgment is DENIED.

IT IS SO ORDERED.

**Dated:    July 6, 2006**              /s/ Anthony W. Ishii
0m8i78                       UNITED STATES DISTRICT JUDGE

3